UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RICHARD ROBLES,<br><br>            Plaintiff,<br><br>     v.<br><br>WARDEN MARTIN GAMBOA, et al.,<br><br>            Defendants. | No.  1:25-cv-01118-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 20) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint in this action on November 19, 2024.  (ECF No. 1.)

On October 3, 2025, the Court screened the Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 18.)

Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.  Therefore, on November 26, 2025, the ordered Plaintiff to show cause why the action

1  should not be dismissed.  (ECF No. 20.)  Plaintiff has not filed a response and the time to do so
2  has passed.  Accordingly, the operative complaint is Plaintiff's original complaint, which fails to
3  state a cognizable claim for relief and dismissal is warranted.

## II.
## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

# III.

# COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Warden Martin Gamboa, Secretary Jeff Macomber, the State Water Resources Control Board, Adventist Hospital, and Coalinga Hospital, as Defendants.

Plaintiff was housed at Avenal State Prison for ten months where the drinking water was contaminated with Trihalomethanes. As a result, Plaintiff lost his gallblader.

Plaintiff was taken to Coalinga Hospital from Avenal State Prison and had a CT scan. Plaintiff was then transferred to Adventist Hospital where his gallbladder was removed. A day after the surgery, Plaintiff blood test was positive for pancreatis and his kidneys were not functioning properly. Plaintiff was also told that he had a blood clot in his right calf and was provided a blood thinner. A week after Plaintiff was released from Adventist Hospital, he returned for a CT scan which showed a massive cyst growing on his pancreases which Dr. Nella said was very concerning. A week later Plaintiff was sent to Adventist Hospital to have the cyst removed.

# III.

# DISCUSSION

### A.   Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. See 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**B.      Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; see, e.g., Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

///

Plaintiff's allegations are not sufficient to state a claim for supervisory liability. Plaintiff's complaint does not include any factual allegations demonstrating or suggesting that Defendants Warden Gamboa and Secretary Macomber participated in or directed the violations involving the alleged contaminated water, or knew of the alleged violations and failed to act to prevent them. In addition, Plaintiff has not alleged that Defendants have promulgated or implemented a specific policy "so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446. There are no factual allegations in the complaint suggesting that Defendants promulgated or implemented a specific policy to allow inmates to drink contaminated water, nor are there factual allegations identifying a specific policy alleged to be deficient related to adequate medical care. Plaintiff's conclusory allegations, without more, are not sufficient.

### D.     Contaminated Water

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference ..." Labatad v. Corrs. Corp. of Amer., 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. Cty. of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are

5

1  sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503
2  U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " Wilson v.
3  Seiter, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal
4  hygiene, and laundry privileges, particularly over a lengthy course of time," Howard v. Adkison,
5  887 F.2d 134, 137 (8th Cir. 1989).

6  　　　　Courts have long recognized that exposure to environmental conditions which pose a
7  health risk, either present or future, can support a claim under the Eighth Amendment. Helling v.
8  McKinney, 509 U.S. 25, 3335 (1993) (environmental tobacco smoke); Wallis v. Baldwin, 70 F.3d
9  1074, 1076 (9th Cir. 1995) (asbestos); Carter v. Smith, No. C–13–4373 EMC (pr), 2015 WL
10 4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); Yellen v. Olivarez, No. CIV S–94–
11 1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), adopted in
12 full, 2012 WL 4210030 (E.D. Cal. 2012); Rouse v. Caruso, No. 06–CV–10961–DT, 2011 WL
13 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), adopted in full, 2011 WL 893216
14 (E.D. Mich. 2011).

15 　　　　"A private physician or hospital that contracts with a public prison system to provide
16 treatment for inmates performs a public function and acts under color of law for purposes of §
17 1983." George v. Sonoma Cnty. Sheriff's Dep't, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010)
18 (citing West v. Atkins, 487 U.S. 42, 56 n. 15 (1988) and Lopez v. Dep't of Health Servs., 939
19 F.2d 881, 883 (9th Cir.1991)).  In order to state a claim against private entities who have
20 performed a public function and have acted under color of law for purposes of Section 1983,
21 Plaintiff must allege facts demonstrating that his constitutional rights were violated based upon a
22 "policy, decision, or custom promulgated or endorsed by the private entity."  732 F. Supp. 2d at
23 939-40; see also Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009)
24 (stating that, "like a municipality, a private corporation can be liable if the injury alleged is the
25 result of a policy or practice, or liability can be demonstrated indirectly by showing a series of
26 bad acts and inviting the court to infer from them that the policy-making level of government was
27 bound to have noticed what was going on and by failing to do anything must have encouraged or
28 at least condoned the misconduct of subordinate officers"); McRorie v. Shimoda, 795 F.2d 780,

784 (9th Cir. 1986) (to state an official capacity claim under section 1983, a plaintiff must allege that the official was acting pursuant to a policy or custom).

Initially, the Court notes Plaintiff has not alleged any facts by which the Court could reasonably infer that Plaintiff's constitutional rights were violated based upon a policy, decision, or custom promulgated or endorsed by Defendants Adventist Health Bakersfield and Coalinga Hospital. George, 732 F. Supp. 2d at 939-40. Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendants Adventist Health Bakersfield and Coalinga Hospital.

In addition, Plaintiff fails to state a cognizable Eighth Amendment claim against any other Defendant. Plaintiff has provided only conclusory allegations and fails to link any Defendant to water quality. Indeed, Plaintiff does not allege what each Defendant did or did not do which violated his Constitutional rights. Rather, Plaintiff alleges that because water has been contaminated, the contamination resulted in the removal of his gallbladder and cyst on his pancreases. However, Plaintiff's speculation that his medical conditions were caused by the quality of the water at Avenal State Prison is insufficient to state a claim against Defendants Warden Gamboa and the Secretary of CDCR. More specific facts as to each individual Defendant would be needed in order to plausibly show a violation. Accordingly, Plaintiff fails to state a cognizable claim for relief under the Eighth Amendment.

**E.     State Water Resource Control Board as Defendant**

Under the Eleventh Amendment, the State of California and its agencies, which includes the State Water Resource Control Board are immune from federal claims under section 1983. See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief."); Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (the State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983); Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (a suit against CDCR is barred by the Eleventh Amendment.); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (a state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.). Additionally, only "person[s]" may be sued

for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). Accordingly, Plaintiff fails to state a claim against the State Water Resource Control Board.

## V.
## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge